# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2714

_____

| | |
|---|---|
| Ronald L. White, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Iowa Prison Industries, (I.P.I.); | * Northern District of Iowa. |
| Robert McGrew; C/O Ketman, sued | * |
| as John Doe Ketman; John Doe, | * **[UNPUBLISHED]** |
| | * |
| Appellees. | * |

_____

Submitted: September 23, 1999
Filed: October 1, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Ronald L. White appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action without prejudice. Having carefully reviewed the record, we conclude dismissal was proper. To the extent White challenged a disciplinary conviction, he did not allege that the conviction had been invalidated or that he had exhausted available state remedies. See Heck v. Humphrey, 512 U.S. 477, 480-81,

_____

[1]The HONORABLE EDWARD J. MCMANUS, United States District Judge for the Northern District of Iowa.

487-88 (1994). To the extent White may have attempted to assert an Eighth Amendment violation for failure to protect him from assault by another inmate, his allegations were insufficient to state a claim. <u>See</u> <u>Prater v. Dahm</u>, 89 F.3d 538, 541-42 (8th Cir. 1996) (prisoner did not allege Eighth Amendment violation where complaint alleged no facts from which inference could be made that prison officials actually knew of, and responded unreasonably to, substantial risk of serious harm from another inmate); <u>Newman v. Holmes</u>, 122 F.3d 650, 652 (8th Cir. 1997) (negligence is not enough to establish Eighth Amendment violation). The district court, upon its initial review, could properly dismiss the complaint without offering White an opportunity to amend. <u>See</u> <u>Christiansen v. Clarke</u>, 147 F.3d 655, 657-58 (8th Cir.), <u>cert. denied</u>, 119 S. Ct. 554 (1998). White's remaining arguments are meritless.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT